IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DENNIS LEE RIGBY | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | |
| | * | |
| FOR MOTOR CREDIT COMPANY LLC doing business as MAZDA AMERICAN CREDIT, EQUIFAX INFORMATION SERVICES LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC. DEFENDANTS | * * * * * | COMPLAINT AND DEMAND FOR A JURY TRIAL |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff, Dennis Lee Rigby ("Mr. Rigby" or "plaintiff), on his own behalf, complains as follows against defendants Ford Motor Credit Company LLC doing business as Mazda American Credit, Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") for violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. The Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "Act" or the "FCRA").

Plaintiff was sued by defendant Ford Motor Credit Company LLC (FMCC) for a deficiency allegedly owed on a terminated automobile lease, and this litigation terminated by a dismissal with prejudice by FMCC of its claims against Mr. Rigby in 2005. Nevertheless, defendant FMCC continued to report this as a charged off account to consumer reporting agencies, including co-defendants Experian and Equifax. Defendants Experian and Equifax alternatively have refused to reinvestigate this account and also verified it after contacting defendant FMCC. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

## III. PARTIES

3. Plaintiff Dennis Lee Rigby is a "consumer" as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c) and resides in East Baton Rouge Parish, State of Louisiana.

4. Defendant Ford Motor Credit Company LLC doing business as Mazda American Credit, is a foreign limited liability corporation authorized to do and doing business in the state of Louisiana, who is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2, and who was previously known as Ford Motor Credit Company until May 1, 2007.  FMCC's registered agent for service of process in the state of Louisiana is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

5. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).  Equifax is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).  Experian is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge,

LA 70808.

## IV. FACTUAL ALLEGATIONS

7. Mr. Rigby had an automobile lease with defendant FMCC which expired in 2003.

8. Thereafter, FMCC claimed that Mr. Rigby had a balance owed to FMCC arising out of this same lease.

9. FMCC then filed a suit in the 19th Judicial District Court in Case Number 522,287, Section 8, against Mr. Rigby for this alleged balance owed on this automobile lease.

10. Mr. Rigby defended this claim, denying he owed anything to FMCC on this lease.

11. On February 14, 2005, the 19th Judicial District Court dismissed FMCC's claim against Mr. Rigby with prejudice, on FMCC's own motion, and signed a Judgment of Dismissal.

12. Mr. Rigby then learned that this account was being reported to consumer reporting agencies, including defendants Equifax and Experian as a charged off account, the worst possible rating for this account.

13. Defendants Equifax and Experian have each prepared and issued consumer credit reports concerning plaintiff. Plaintiff has notified defendants Equifax and Experian that he disputed the accuracy or completeness of the information contained in the reports on plaintiff by FMCC for this account within the two year period prior to the filing of this Complaint, and included copies of the signed Judgment of Dismissal.

14. For some of plaintiff's disputes, Equifax and Experian notified FMCC of

plaintiff's disputes pursuant to section 1681i(a) of the FCRA.

15. In response to plaintiff's disputes received from defendants Equifax and Experian, FMCC verified the inaccurate and/or incomplete reporting of plaintiff's account, Equifax and Experian, notification of which was received by plaintiff from Experian and Equifax within the two years prior to filing this action.

16. Despite plaintiff's disputes, Equifax and Experian maintained the inaccurate and incomplete reporting by FMCC.

17. Most recently, in response to plaintiff's disputes, defendant Experian now is reporting that this account, which terminated in 2003, will be on Mr. Rigby's consumer report until 2015 as a charged off account, well beyond the seven year obsolescence period provided by the FCRA.

## DEFENDANTS' PRACTICES

18. Defendant FMCC negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

19. As a result of defendant FMCC's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

20. Defendants Equifax and Experian each negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff,

    as required by 15 U.S.C. § 1681e(b); and

 b) failing to comply with the reinvestigations requirements in 15 U.S.C. § 1681i(a).

21. As a result of defendants Equifax and Experian's failure to comply with the requirements of the FCRA plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seek punitive damages from each of these defendants in amounts to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against each defendant for:

 a) Actual damages;

 b) Punitive damages;

 c) Attorney fees, litigation expenses and costs; and

 d) Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

    s/Garth J. Ridge
    **GARTH J. RIDGE**
    Attorney for Plaintiff
    Bar Roll Number: 20589
    251 Florida Street, Suite 301
    Baton Rouge, Louisiana 70801
    Telephone Number: (225) 343-0700
    Facsimile Number: (225) 343-7700
    E-mail: GarthRidge@aol.com